No. 86-344

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

IN THE MATTER OF THE APPLICATION OF
LARRY McGAHA, Workers' Compensation Claimant,
for a Declaratory Ruling on the Applicability
of §39-71-402(1), MCA (1983), to his Workers'
Compensation Claim.

LARRY McGAHA,

        Claimant and Respondent,

   -vs-

GREYHOUND LINES, INC.,

        Defendant and Appellant.

APPEAL FROM: The Workers' Compensation Court, The Honorable
              Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Keefer, Roybal, Hanson, Stacey & Jarussi; Neil S.
        Keefer argued, Billings, Montana

    For Respondent:

        Datsopoulos, MacDonald & Lind; Dennis E. Lind argued,
        Missoula, Montana

                  Submitted:   March 20, 1987

                    Decided:   April 9, 1987

Filed: APR 9 - 1987

_____
               Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The Workers' Compensation Court made a declaratory ruling that Mr. McGaha is eligible for Montana workers' compensation benefits for an injury suffered in Twin Falls, Idaho. Greyhound Lines, Inc., the self-insured employer, appeals. We affirm.

The issue is whether the Workers' Compensation Court correctly ruled that Mr. McGaha is eligible for Montana workers' compensation benefits under § 39-71-402(1), MCA, as an employee temporarily working out of state.

The facts are not contested. Mr. McGaha had been employed as a driver for Greyhound Lines, Inc. (Greyhound) since 1974. He moved to Montana in 1978 and now resides in Clinton, Montana. Beginning in 1978 and up until just before his injury, Mr. McGaha was an "extra-board" bus driver out of Missoula, Montana. He regularly drove from Missoula to Butte and back.

Greyhound bus drivers are subject to a negotiated labor agreement which ranks all drivers within regional districts according to seniority. Mr. McGaha's district included Montana, Utah, Idaho, Oregon and part of Washington. The drivers within the region with the most seniority have the opportunity of selecting the best paying bus runs, while those drivers with the least seniority must drive the lesser preferred routes.

This seniority system comes into play when Greyhound chooses to reduce scheduled service. During slow periods, Greyhound reduces the number of active positions in its force. This reduction creates a domino effect whereby senior drivers within a district "bump" junior drivers out of their regular positions. In February 1983, a senior driver bumped Mr. McGaha from his position operating out of Missoula.

2

According to the labor agreement, Mr. McGaha then had 24 hours to bump another driver in the district. If he did not act within 24 hours, he would lose his guaranteed base wage. He bumped a junior driver from a regular bus route running between Salt Lake City, Utah, and Twin Falls, Idaho. On his first trip, Mr. McGaha injured his back while loading luggage in Twin Falls.

Greyhound initiated payment of workers' compensation and medical benefits under Utah's workers' compensation laws. Utah was selected pursuant to Greyhound's policy of considering the point of origin of the bus run as the place of employment. Mr. McGaha has received temporary total disability benefits under the laws of Utah for over three years. He has been unable to return to work as a bus driver and recently underwent surgery for a spinal fusion. He now wishes to be allowed to recover benefits under the Montana extraterritorial workers' compensation statute, instead of under Utah law. Mr. McGaha accordingly argued to the Montana Workers' Compensation Court that he was employed in Montana, his absence from the state was temporary, and this temporary absence was incidental to his Montana employment. Greyhound argued that the labor agreement in effect at the time of Mr. McGaha's accident precluded extraterritorial application in this case. It characterized the labor agreement as a multi-state employment contract and argued that Mr. McGaha was a regional employee rather than a Montana employee.

The Workers' Compensation Court entered a declaratory judgment that Mr. McGaha was entitled to Montana benefits. Greyhound appeals from that judgment.

Did the Workers' Compensation Court correctly rule that Mr. McGaha is eligible for Montana workers' compensation

3

benefits under § 39-71-402(1), MCA, as an employee temporarily working out of state?

Section 39-71-402(1), MCA, states:

> If a worker employed in this state who is subject to the provisions of this chapter temporarily leaves the state incidental to that employment and receives an injury arising out of and in the course of such employment, the provisions of this chapter shall apply to such worker as though he were injured within this state.

The findings of the Workers' Compensation Court which relate to this issue are:

> 8. As a result of a cutback in the Greyhound driver work force in February of 1983, claimant was displaced or bumped from his extra board position in Missoula, Montana, by a senior driver from Spokane, Washington.
> 9. Greyhound provides a guaranteed minimum salary to its drivers.
> 10. Pursuant to the labor agreement, a displaced driver has 24 hours to find a position within the district in order to avoid losing the guaranteed salary. If a displaced driver takes longer than 24 hours, the driver has up to five days to displace another driver within the district in order to receive a proportionate share of his guaranteed salary.
> 11. In order for a driver to continue his salaried employment with Greyhound he is required to use his seniority and displace another driver within the district.
> 12. In the event that a senior driver does not exercise his seniority privilege in displacing another driver within the district, Greyhound may and has terminated a driver's employment.
> 13. Claimant chose to displace a driver in Salt Lake City, Utah because it paid better and was the closest available location to his family and residence in Clinton, Montana.
> 14. Claimant was in the State of Utah less than 24 hours prior to his injury on February 13, 1983, in Twin Falls, Idaho on his first trip originating out of Utah.

15. Claimant stayed with friends overnight in Salt Lake City and did not establish or intend to establish any permanent address or domicile.

. . .

18. Claimant has no interest in Utah other than the trip which resulted in his injury.
19. Claimant intended to return to his home in Montana after his work in Utah.

We are bound to uphold the facts found by the Workers' Compensation Court where there is substantial credible evidence in the record to support those findings of fact. McGee v. Bechtel Corp. (1979), 182 Mont. 149, 154, 595 P.2d 1156, 1158-59. The transcript and the deposition of Mr. McGaha support the findings of fact of the lower court. We must therefore uphold them, despite Greyhound's argument that Mr. McGaha's employment on the Salt Lake City - Twin Falls route was neither guaranteed to be temporary nor a position assigned to him by Greyhound, but was totally dependent on the exercise of seniority rights by Mr. McGaha and the other drivers.

The Workers' Compensation Court concluded that Montana had a sufficient interest in Mr. McGaha's case to justify application of the extraterritorial statute. The record supports this conclusion. Mr. McGaha had been employed in Montana for four years immediately prior to the date of his injury, and had established his residence in this state. He testified that he had once before had a similar absence from Montana, when he was "bumped" from his position in Missoula, and that his absence from the state at that time was of a short and temporary duration. In this instance, he was injured within his first 24 hours of working outside of Montana. He testified that he had intended to return to Montana as soon as possible, and that he did in fact regain

5

his Missoula position, but was unable to work it due to his injuries. We must also consider the requirement of § 39-71-104, MCA, that the workers' compensation statutes be liberally construed in favor of the claimant.

We hold that the Workers' Compensation Court correctly concluded that § 39-71-402(1), MCA, applies under the specific facts of this case. We affirm the decision of the lower court. In doing so, we emphasize the nature of this action as a declaratory judgment only. It does not otherwise affect Mr. McGaha's entitlement to benefits or the calculation of these benefits.

_____
Justice

We Concur:

_____
Chief Justice

_____
John Conway Harrison.

_____

_____
John C. Sheehy

_____
William E. Hunt
Justices

_____
District Judge Robert J. Boyd